Margie L. EDGINGTON

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Hector de la Rosa, Cynthia Homuth.

Civ. A. No. B–88–00783–CA.

United States District Court, E.D. Texas, Beaumont Division.

Nov. 13, 1989.

Margie L. Edgington, Orange, Tex., pro se.

Thomas W. Kopf, Joseph A. Pitzinger, III, Tax Div., Dept. of Justice, Dallas, Tex., for defendant.

### MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Margie L. Edgington filed this suit, pro se, on August 15, 1988, attacking a levy on

her wages for unpaid tax liability on her 1978 Federal Income Tax Liability to the United States and the Internal Revenue Service.[1] Plaintiff requested a default judgment against the United States because the complaint had not been answered within thirty days after service of process. Plaintiff was unaware of the provisions of the Federal Rules of Civil Procedure, Rule 4(d)(4), which requires service upon the United States by rules not applicable to ordinary citizens. It also allows the defendants sixty days to answer, not thirty. Being unlearned in the law, she did not comply with the sovereign's special rules.[2] Hence, her motion for default was denied.

Defendants KFDM–TV; Freedom–TV, Incorporated; Jeanette Greer; and Larry Beaulieu filed a joint motion for summary judgment on March 14, 1989, which was granted on March 29, 1989. The motion of defendants the United States of America, the Internal Revenue Service, and its employees for summary judgment was overruled the same date. The motion to dismiss filed by the defendants the United States of America, the Internal Revenue Service, and Hector de la Rosa and Cynthia Homuth, Agents, and other unnamed employees of the Internal Revenue Service is now before this court.

## DEFENDANTS' CLAIMS

The United States of America, the Internal Revenue Service, and employees' motion to dismiss is urged upon a multitude of grounds:

### 1. IMPROPER PARTIES

Plaintiff sued "unnamed parties" in August 1988, and to this day has yet to name them. Neither the Internal Revenue Service nor its agents has waived their immunity to be sued in this cause.

### 2. LACK OF JURISDICTION

The plaintiff is suing her sovereign, not the individuals named or unnamed; the United States of America has not waived immunity; the mere naming of the Internal Revenue Service agents without claiming they acted outside the scope of their employment is insufficient to waive immunity; the plaintiff's Constitutional claims are frivolous; the plaintiff has not exhausted her administrative remedies; and finally, plaintiff's claims under the Texas Constitu-

---

1. *28 U.S.C. § 2410*, which provides:

   Under the conditions prescribed in this section ... of this title for the protection of the *United States, the United States may be* named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—...
   (2) to foreclose a mortgage or other lien upon, ... real or personal property on which the United States has or other lien ...
   (b) The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed. In actions in the state courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought or upon an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court in which the action was brought and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia. In such actions the United States may appear and answer, plead or *demur* within sixty days after such service or such further time as the *court may allow.*

2. FED.R.CIV.P., Rule 4(d)(4) provides, in part:
   (4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency. (5) Upon an officer or agency of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.

tion of 1878 are superseded by the Supremacy Clause (Art. VI) of the United States Constitution.

### 3. SATISFACTION OF DUE PROCESS

The defendants assert the proper ten-day notice was sent to plaintiff prior to the levy upon her wages (26 C.F.R. 6331.301(a)(1), 6331 IRS Code); the notice must be only mailed, not in fact received, to constitute due diligence. Using the age-old, time-honored warfare tactic (both actual and legal), the defense-in-depth and fall-back positions, the United States of America and the Internal Revenue Service assert that even if the required notice was not sent, until and unless plaintiff alleges the tax was erroneously or illegally assessed or collected, she is not permitted to bring this suit.

### 4. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Government states plaintiff cannot obtain money from the sovereign for violating its own Constitution in a tax suit. Further, the Internal Revenue Service employees are immune from monetary liability in a common law tort suit.

Our noble sovereign, not satisfied with its defenses-in-depth, and again following the ageless rules of warfare, plans its counter-attack against this pro se plaintiff. It alleges the plaintiff should be vanquished and annihilated, and the government's motion to dismiss granted, because she had the temerity to challenge her sovereign. It also seeks to burn the battlefield and sow salt upon it, with the award of Rule 11 sanctions, including attorney's fees and costs, because plaintiff brought suit solely to harass her sovereign and cause unnecessary delay in the collection of its tribute, i.e., the collection of taxes.[3]

### PLAINTIFF'S RESPONSE

Plaintiff, pro se, has likewise become somewhat skilled in the art of legal (if not

---

**3.** Rule 11, FED.R.CIV.P., provides in part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address. Except when otherwise specifically provided by the rule or statute, pleadings need not be verified or accompanied by affidavit ... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ... If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including attorney's fee.

This is thought to be a fairly new rule, and has been the subject of many cases, law review articles, and papers by those learned in the Law in recent years. *See, e.g., Roadway Express v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Browning Debenture Holders v. DASA Corp.,* 560 F.2d 1078 (2nd Cir.1977); *Thomas v. Capital Securities Services, Inc.,* 836 F.2d 866 (5th Cir.1988); *Rule 11: A critical Analysis, Vairo,* 118 F.R.D. 189 (1988).

Its roots go much deeper, however. Book VI, Title XVI, of the *Institutes of Justinian,* Fifth Edition, the University Press, Oxford (1913), written in 421 A.D. provides, at p. 201:

OF THE PENALTIES FOR RECKLESS LITIGATION.

It should here be observed that great pains have been taken by those who in times past had charge of the law to deter men from reckless litigation, and this is a thing that we too have at heart. The best means of restraining unjustifiable litigation, whether on the part of a plaintiff or of a defendant, are money fines, the employment of the oath, and the fear of infamy. Thus, under our constitution, the oath has to be taken by every defendant, who is not permitted even to state his defense (sic) until he swears that he resists the plaintiff's claim because he believes that his cause is a good one.... Vexatious litigation is checked on the part of the plaintiff also, who under our constitution is obliged to swear on oath that his action is commenced in good faith; and similar oaths have to be taken by the advocates of both parties, as is prescribed in other of our enactments.... [A] plaintiff who sues without just cause must compensate his opponent for all losses incurred, and also pay the costs of the action.

actual) warfare, and with appropriate guerilla tactics has launched a one-woman counter-offensive against the sovereign which reigns in Washington, D.C., and has its legions (military and bureaucratic) in the fifty-one provinces comprising the United States of America.

Plaintiff asserts that her complaint concerns statutory violations, a due process violation, and a search and seizure violation. She claims that excessive fines were illegally imposed and that the seizure of her wages constituted cruel and unusual punishment, in violation of the Eighth Amendment of the United States Constitution. She also claims that there has been a violation of her First Amendment rights because her testimony in another tax case alerted the Internal Revenue Service agents of her failure to send her tribute to her sovereign.

Additionally, she alleges that the Texas Constitution has been violated because the United States government has taken her property located in the Republic of Texas, which she claims is not under the sovereignty of the United States of America. She claims to be a citizen of the Republic of Texas, but not of the United States of America, because the Treaty of Annexation of 1845 was and still is invalid. Mrs. Edgington's attacks may be somewhat inconsistent, since she does not recognize the United States of America's jurisdiction over her or her property, but invokes various rights secured to her in the Bill of Rights under the First and Eighth Amendments. Finally, she also challenges the validity of the Internal Revenue Service agents' affidavits.

## DISCUSSION

Title 28 U.S.C. § 1346(a)(1) confers original jurisdiction on the United States District Courts over "any civil action against the United States for the recovery of any internal revenue tax alleged to have been

erroneously or illegally assessed or collected ..." The essential requirement is that the taxpayer must have filed a claim for a refund prior to filing suit for recovery of monies against the Internal Revenue Service. 26 U.S.C. § 7422(a).[4]

The court finds that Mrs. Edgington failed to fulfill that essential requirement, and so her claim must be dismissed. Among the numerous grounds offered by the government, the strongest support for dismissal of this case is the fact that the plaintiff did not exhaust her administrative remedies before filing this suit. Specifically, she did not file a claim for refund prior to entering federal court as required by 26 U.S.C. § 7422(a).

Magistrate Earl Hines illustrated this point in his opinion in Mr. and Mrs. Edgington's criminal trial:

... [D]efendants were aware that the recognized and established way for contesting their liability for income tax was to file their return, pay the disputed tax, and then sue for a refund in tax court.

*United States v. Edgington*, Crim. No. B-85-90-CR, at p. 8 (E.D.Tex. February 14, 1986) (footnotes and citations omitted). Similarly in this civil trial, Mrs. Edgington was aware that she must sue for a refund in tax court before she could proceed to this court. She did not do so.

The court finds because Mrs. Edgington failed to exhaust her administrative remedies first, she cannot maintain this suit in this court. This ground is sufficient for dismissal; therefore, it is unnecessary to consider the additional grounds asserted by the government defendants, or the interesting constitutional questions asserted by the plaintiff.

## CONCLUSION

The motion to dismiss filed by the United States of America; the Internal Revenue Service, Hector de la Rosa, and C. Homuth,

---

4. 26 U.S.C. § 7422(a) provides:
No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Internal Revenue Service agents, and any as yet unnamed employees, is hereby GRANTED.

It is, therefore, ORDERED, ADJUDGED and DECREED that the plaintiff's action is DISMISSED without prejudice, at plaintiff's cost.

This court is unwilling to decimate the vanquished, therefore the Government's motion for Rule 11 sanctions and attorney's fees is DENIED.